IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-11-0613** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| RONNIE HOLT, WARDEN, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On April 1, 2011, Plaintiff Clarence Schreane, formerly an inmate at the United States

Penitentiary at Canaan (USP-Canaan), Waymart, Pennsylvania, located in the Middle District of

Pennsylvania, filed, *pro se,* this civil rights action, stating that it was brought, in part, pursuant to

42 U.S.C. § 1983, and *Bivens,* under 28 U.S.C. §1331.[1]  (Doc. 1, p.1).  On April 25, 2011, Plaintiff

filed an Amended Complaint in this action. (Doc. 4).  Plaintiff's Amended Complaint is a lengthy

---

[1]  *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct.
1999 (1971).  Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have
original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the
United States." (Emphasis added).

As Plaintiff correctly indicates, this is a *Bivens* action since he seeks monetary damages
from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006
WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).  (Doc. 4, p.
1).

Plaintiff's action is not a §1983 civil rights action since he does not claim that any state
official violated his constitutional rights.  *See  Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir.
1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.).

Plaintiff is currently an inmate at the Federal Correctional Complex - Coleman Low (FCC-
Coleman) Coleman, Florida, Middle District of Florida, inmate number 17956-074.

18-page, 37-paragraph hand-written pleading.  Plaintiff also submitted voluminous documents as exhibits with his original Complaint.  On May 5, 2011, Plaintiff filed a Motion to proceed *in forma pauperis*. (Doc. 5).[2]  On June 7, 2011, Plaintiff filed a 12-page "Affidavit of Truth and Facts." (Doc. 8).

This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and  § 1346.

Plaintiff named the following seven (7) Defendants in his Amended Complaint: USP - Canaan Warden Ronnie Holt; USP - Canaan Disciplinary Hearing Officer ("DHO") Renda; USP - Canaan Correctional Officer J. Seana; USP - Canaan Correctional Officer K. Swartzfager; USP - Canann Special Housing Unit Property Officer J. Alonga; USP - Canaan Correctional Officer Donahue; and USP - Canaan Lieutenant Edward. (Doc. 4, p. 1).  Plaintiff sues all seven (7) Defendants in both their individual and official capacities.  (*Id*.).[3]  All Defendants are employees of the U.S. Bureau of Prisons ("BOP").   As relief, Plaintiff seeks monetary damages in the amount of $250,000.  (*Id.,* p. 18).

In his pleadings and in his "Affidavit of Truth and Facts" (Doc. 8), Plaintiff states that Defendants were acting under color of state law and that his action was, in part, under §1983.  As mentioned, all Defendants are employees of the BOP, and as such, they are federal officials.  As noted, to the extent Plaintiff indicates his action is brought, in part, pursuant to 42 U.S.C. §1983,

---

[2]We note that Plaintiff Schreane has filed a previous action with this Court, to wit: *Schreane v. Holt, et al.,* No. 10-CV-1965, M.D. Pa.  Plaintiff's prior case is still pending.

[3]With respect to his *Bivens* suit, Plaintiff cannot sue the individual  federal Defendants for damages in their of official capacities.  *See Smith v. U.S.* ,2007 WL 7313360, *6, n. 13 (M.D. Pa.)(citation omitted).  Thus, we will recommend that Plaintiff's claims for damages against the seven (7) individual federal Defendants in their official capacities be dismissed.

he is incorrect since he does not sue any state actors for violations of his constitutional rights.  In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.).  (Doc. 4, p. 1).  Thus, we shall recommend that, to the extent Plaintiff asserts any claims against the federal Defendants under §1983, they be dismissed.

On April 7, 2011, Plaintiff was directed to pay the filing fee or file an application to proceed *in forma pauperis* within 30 days of the order and an authorization form within thirty (30) days or the case would be dismissed. (Doc. 3).  In response to the Order of April 7th, on May 5, 2011, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* and provided authorization for the prison to submit a copy of Plaintiff's trust fund account to the Court, and for the entire filing fee to be deducted from his inmate account. (Docs. 5 and 6).  An Administrative Order was sent to the Prison Superintendent/ Warden on May 5, 2011. (Doc. 7).

## II. Allegations of Amended Complaint (Doc. 4).

In his eighteen-page hand-written Amended Complaint (Doc. 4), Plaintiff alleges that his First, Fifth, and Fourteenth Constitutional rights have been violated and he asserts several counts.[4]

---

[4]Plaintiff's claims of Fourteenth Amendment violations should be dismissed as he is suing only federal employees and not state employees.  *See, Abbott v. Latshaw,* 164 F.3d 141, 146 (3d. Cir. 1998) ( State action is the threshold issue in a Fourteenth Amendment claim).  *See also, O'Neil v. Beck,* 2005 WL 2030319, at *4-5 (M.D. Pa. Aug 4, 2005) (ruling that in order to maintain suit under § 1983 there must be state action).

3

First, Plaintiff alleges that his placement in the Special Housing Unit ("SHU") at USP - Canaan was improper and violated his First Amendment and Fifth Amendment Due Process rights and the Code of Federal Regulations. (Doc. 4, pp. 2 - 6). Plaintiff avers that on May 16, 2010, Defendant Correctional Officer J. Seana violated his First Amendment right by writing a false incident report charging him with a violation of BOP Prohibited Act 205, engaging in a sexual act in front of the unit correctional officer. (Doc. 4, p. 2). As a result of this incident report, Plaintiff was confined in the SHU.[5]

Additionally, Plaintiff avers that his Due Process rights were violated since his requests to Defendant Lieutenant Edward for surveillance videotape of the May 2010 incident were not complied with and he was not provided with the videotape prior to or at his disciplinary hearing. (*Id*. at 3). Plaintiff contends that he requested the videotape before the hearing, which was never produced, and that he was found guilty of the Code 205 offense without any evidence, thus violating his Due Process rights. (*Id*.). Further, Plaintiff alleges that Defendant Lt. Edward did not conduct a thorough investigation of the May 2010 incident by failing to produce the security videotapes which is a violation of his Fifth Amendment Due Process rights. (*Id*. at 3). Plaintiff avers that the evidence was not sufficient to support his disciplinary conviction on the incident report Defendant Seana issued against him and that he had no prior history in over 14 years in prison of

---

We also note that Plaintiff's Affidavit (Doc. 8) largely repeats the allegations detailed in his pleadings.

[5]In his Affidavit, Plaintiff avers that Defendant Seana was a female CO who supervised Unit C-1 at USP-Canaan.

engaging in a sexual act.  Because of these alleged violations, Plaintiff states that he was convicted of violating Code 205 resulting in his confinement in the SHU and loss of "good time" conduct. (Doc. 1 at 8).  Plaintiff states that he was released from the SHU on July 8, 2010.  (*Id*.).

Plaintiff further avers that on July 18, 2010, Defendant Correctional Officer K. Swartzfager made false allegations against him and filed a false incident report charging him with another violation of BOP Code 205, engaging in a sexual act.  (Doc. 4, p. 5).  Plaintiff contends that this incident report was fabricated and was in retaliation due to his request for surveillance videotape regarding his first Code 205 incident. (*Id*. at 5). Plaintiff avers that the evidence was not sufficient to support his disciplinary conviction on the incident report Defendant Swartzfager issued against him. Plaintiff alleges that Defendant Lt. Edwards failed to advise him of his procedural due process rights with respect to his disciplinary hearing on the July 2010 charge and that Defendant Edwards failed to review the videotape of the incident as he requested.[6]

Plaintiff also avers that his Due Process rights were violated by Defendant Disciplinary Hearing Officer Renda in that he was not allowed to call witnesses or have the surveillance videotape at his disciplinary hearing.  (*Id*. at 14).  Plaintiff claims that he was not allowed to call his staff representative, Mr. D. China, to testify on his behalf at his disciplinary hearing.  (*Id*.)  Plaintiff contends that he advised Defendant Renda of his intent to call Mr. China as a witness as well as another inmate who was with the Plaintiff at the time of the alleged incident.  (*Id*.).  Plaintiff avers that his requests were denied by Defendant Renda and that the disciplinary hearing proceeded without any of the Plaintiff's witnesses or any surveillance videotape of the incident, and that his

---

[6]*See also* Plaintiff's Affidavit, Doc. 8, pp. 4-5.

requests for a polygraph test and fingerprint analysis were denied, thus violating his Due Process rights. (*Id*.). Plaintiff avers that Defendant Renda found him guilty of the charges without any supporting evidence other than the correctional officers' misconduct reports. Plaintiff also alleges that Mr. China witnessed the violations of his due process rights by Defendant Renda.[7]

Plaintiff concludes that he would not have been convicted of the July 2010 Code 205 misconduct charge if his procedural Due Process rights were afforded him.[8] Plaintiff further avers that Defendant Warden Holt should have known that his Due Process rights were violated when Holt reviewed the disciplinary report after his conviction and when Holt failed to review the videotape, seemingly as part of Plaintiff's appeal of his conviction.[9]

Plaintiff additionally avers that his Due Process rights were again violated when he requested videotape surveillance to challenge a charge that he was in possession of an illegal object inside an ink pen. (*Id*. at 7). Plaintiff alleges that on July 23, 2010, SHU Property Officer, Defendant Alonga "plainted" (sic) the object that was inside the ink pen while going through his personal property. (*Id*.). Plaintiff then avers he requested that the surveillance videotape be carefully reviewed to see who had planted the illegal instrument in his personal property and, he requested that a fingerprint analysis be conducted. (*Id*. at 8). Plaintiff states that his requests were subsequently denied and, as a result, he was kept in the SHU in violation of his Due Process rights. (*Id*.). Plaintiff also avers that Defendant Alonga by planting fabricated evidence caused his good

---

[7]*See also* Plaintiff's Affidavit, Doc. 8, pp. 8-10.

[8]*See* Plaintiff's Affidavit, Doc. 8, pp. 5-6.

[9]*See* Plaintiff's Affidavit, Doc. 8, p. 7.

6

time credits to be taken as a result of his disciplinary conviction on the charge.[10]

Additionally, Plaintiff avers that on July 18, 2010, he was escorted by Correctional Officers to the SHU in response to the disciplinary report filed against him by Defendant Swartzfager for violation of Code 205.  (*Id*. at 6).  Plaintiff claims that while we was being taken and housed in the SHU, Defendant Correction Officer Donahue, who was head of Plaintiff's housing unit, failed to secure his personal property and as a result, his property was stolen.  (*Id*.).  Plaintiff states that the items missing were eight (8), eight ounce (8 oz.) bottles of religious oils.  (*Id*.).  Plaintiff avers that because of Defendant Donahue's negligence in failing to secure his religious oils, his First Amendment right to practice his religion was violated.  (*Id*. at 7).

Plaintiff contends that his Due Process rights were further violated when Defendant Ronnie Holt refused to review the surveillance videotape of the incident involving the lost prayer oils and of the incident in which the illegal object was found in his personal property.  (*Id*.).   Plaintiff contends that he directed several correspondences to Defendant Holt and while Defendant Holt was on scheduled rounds (on an unspecified date) in the SHU, Plaintiff requested that his prayer oils be returned and that the surveillance videotapes be carefully reviewed.  Plaintiff avers that in response to his requests, Defendant Holt said that "he is not going to review no surveillance and that, what ever the (DHO) decided that's the decision he was going to sustain." (*Id*. at 8).  Plaintiff asserts the denial of his stated requests violate his Due Process rights.

As mentioned, Plaintiff requests monetary damages in the amount of $250,000 as relief in

---

[10]*See also* Plaintiff 's Affidavit, Doc. 8, p. 10.

his amended pleading.[11] (*Id.* at 18).

We shall now screen Plaintiff's Amended Complaint (Doc. 4) as we are obliged to do under the PLRA.

## III.  PLRA Standard.

The Prison Litigation Reform Act of 1995,[12] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## IV.  Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937

---

[11]Plaintiff's request for a specific amount of monetary damages (Doc. 4, p. 18) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages should be stricken from his Complaint.  *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

[12]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

(2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

*See also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 588 (M.D. Pa. 2008).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss.  *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 110 (3d Cir. 2002); and *Sharpe v. Costello*, 2007 WL 1098964, *3 (M.D. Pa. 2007).[13]

## V.  *Bivens* Standard.

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action.  In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen

---

[13]The Court can consider Plaintiff's exhibits submitted with his original Complaint for present screening purposes.  In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7, the Court pointed out:

> In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." ( *Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." FN11 *Id.* (internal citations and quotations omitted).) Matters of public record, including government agency records and judicial records, may be considered. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

*See also Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).

suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

## VI.  Discussion.

### 1.  Count I, Due Process Violations - Disciplinary Hearings

We find that Plaintiff's above specified allegations against the following four Defendants, Lt. Edward, Warden Holt, J. Alonga and Renda, fail to state a viable Fifth Amendment Due Process claim, and that they fail to state any constitutional claim.

Plaintiff states that on two separate occasions Defendants J. Seana and K. Swartzfager each falsified an incident report charging him with engaging in a prohibited sexual act in violation of

Prohibited Act 205, which resulted in his confinement in the SHU.  On May 16, 2010, Plaintiff was charged, in a written incident report, by Defendant Unit Correctional Officer J. Seana, with engaging in a prohibited sexual act in housing unit C-1.  Plaintiff claims that this report was fabricated.  Subsequently, on July 18, 2010, Plaintiff was again charged with a violation of Prohibited Act 205 while in the recreation yard by Defendant Correctional Officer K. Swartzfager. Plaintiff contends that this second incident report was also fabricated by Defendant Swartzfager in retaliation for his grievance complaining about the lack of video surveillance  at his May 2010 disciplinary hearing held with regard to his first Code 205 offense.

Plaintiff further avers that his Due Process rights under the Fifth Amendment were violated by Defendants Lt. Edwards, Warden Holt, Mr. Renda and J. Alonga with respect to the deficient procedures at his two disciplinary hearings which were held as a result of the incident reports charging him with the Code 205 offenses.  Plaintiff alleges that Defendant Lt. Edward failed to adequately investigate the alleged incidents which resulted in his confinement in the SHU, thus violating his Due Process rights.  Plaintiff also contends that Defendant Renda did not allow him to review or have present at either of his disciplinary hearings, the surveillance videotapes of the alleged incidents or his staff representative, despite the fact that he had requested both prior to the hearings.

Plaintiff additionally alleges that his Due Process rights were violated by Defendant Ronnie Holt when he refused to review the surveillance videotapes from the above mentioned incidents. Plaintiff alleges that Defendant Holt did not review the surveillance videotapes and simply accepted the statements of the Correctional Officers amounting to a denial of his Due Process rights.  After

12

examining Plaintiff's exhibits as well as his Affidavit, it is clear that Plaintiff was convicted of the Code 205 charges at both of his disciplinary hearings and that he was sanctioned on both convictions including loss of good conduct time and confinement in the SHU.

Plaintiff further avers, that his Due Process right were violated by Special Housing Unit Property Officer Defendant J. Alonga by planting a prohibited object into his personal property. Plaintiff avers that Defendant Alonga planted a prohibited object in an ink pen that was part of his personal property.   Plaintiff contends that when he requested the surveillance videotape be reviewed and his pen fingerprinted, his request was denied by Defendant Lt. Edward, thus violating his Due Process rights.   After examining Plaintiff's exhibits, we construe that the Plaintiff was convicted of possessing an illegal object by the Disciplinary Hearing Officer.

We find that, to the extent Plaintiff challenges his misconduct convictions based on the lack of investigation by Defendant Lt. Edward, the lack of video surveillance and witness testimony at his disciplinary hearings by Defendant Renda, and the lack of oversight for the disciplinary procedures by Defendant Holt, these claims are *Heck* barred.   As stated, we construe that the Plaintiff was convicted of both misconduct reports and was sanctioned with time in the SHU and loss of good conduct time.   We find that Plaintiff must raise his claims challenging the misconduct charges issued against him and his convictions on the charges in a 28 U.S.C. §2241 habeas petition after exhausting his BOP administrative remedies.   *See Void v. Warden Fort Dix FCI*, 345 Fed. Appx. 818 (3d Cir. 2009)(federal inmate filed §2241 habeas petition challenging DHO guilty finding and sanction on misconduct charge for failing to give a urine sample within 2-hour deadline).

To the extent Plaintiff seeks damages as a result of his claims for Due Process violations by Defendants Edward, Renda, Holt and Alonga, such claims are clearly *Heck* barred. *See McCullon v. Brouse*, 2011 WL 1398481, *8-*9 (M.D. Pa. 3-24-11) adopted by 2011 WL 1419650 (M.D. Pa. 4-13-11)("while a prisoner may maintain civil damages for disciplinary action which relate solely to the conditions of his confinement, ... , to the extent [Plaintiff's] damages claims concern discipline which altered the duration of his confinement by disallowing good time, he may not pursue these damages claims under the 'favorable termination' rule.")(citations omitted).   As discussed above, we find that Plaintiff Schreane's damages claims clearly relate to his disciplinary sanctions imposed by Defendant Renda which affected the length of his confinement by disallowing his good conduct time.

In *Braggs v. Flatt*, 2009 WL 2750120, *4-*5 (W. D. Pa.), the Court stated:

> *Heck v. Humphrey* [512 U.S. 447 (1994) ] and its progeny. In *Heck,*
> the Supreme Court held that a prisoner could not maintain a § 1983
> action for damages under the civil rights laws if "a judgment in favor
> of the plaintiff would necessarily imply the invalidity of his conviction
> or sentence ... unless the plaintiff can demonstrate that the conviction
> or sentence has already been invalidated." 512 U.S. at 487. The Court
> has summarized this so-called "favorable termination requirement"
> by explaining that a "state prisoner's § 1983 action is barred
> (absent prior invalidation)-**no matter the relief sought (damages or equitable
> relief), no matter the target of the prisoner's suit (state conduct
> leading to conviction or internal prison proceedings)**-if success in that
> action would necessarily demonstrate the invalidity of confinement or its
> duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161
> L.Ed.2d 253 (2005). *See also Hill v. McDonough,* 574 U.S. 73 (2006);
> *Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).
>
> Further, in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d
> 906 (1997), the Supreme Court extended *Heck* further by holding that a state
> prisoner's § 1983 action challenging a prison disciplinary sanction and seeking

"money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906. (Emphasis added); *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *8 (M.D. Pa.); *Arango v. Winstead*, 352 Fed. Appx. 664, 665-666 (3d Cir. 2009); *Taylor v. Scism*, 201 WL 2470806, *3 (M.D. Pa.).

(Emphasis added).

Additionally, as stated, insofar as Plaintiff is deemed as challenging his disciplinary convictions by Defendant Renda,  procedural violations by Defendants Lt. Edward and Warden Holt, regarding the misconduct reports charging him with violations of Code 205,  regarding the alleged planting of contraband by Defendant J. Alonga, and regarding his disciplinary convictions on the charges, Plaintiff must file a petition for writ of habeas corpus under 28 U.S.C. §2241 since the sanctions affected the duration of his confinement in prison.  Plaintiff cannot challenge his disciplinary convictions  and sentences in this *Bivens* civil rights action.  *See McCullon, supra*. The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973).

Plaintiff, insofar as he is attacking his disciplinary convictions and sentences as unlawful, and insofar as he is implicating relief which alters the term of his confinement in prison, must file a §2241 habeas petition after he exhausts his BOP administration remedies.  *See Muhammad v. Close*, 124 S. Ct. 1303, 1304 (2004 (Per Curiam);  *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002)*; Taylor v. Scism*, 2010 WL 2470806, *3.  Also, a civil rights action is not the vehicle for Plaintiff to challenge his two disciplinary convictions regarding the misconduct reports issued against

him for engaging in prohibited sexual acts.  *See Perez v. Geza-Canoe*, 2010 WL 334516, * 2 (M.D. Pa. 1-20-10).

Thus, as discussed, Plaintiff must seek collateral relief regarding all of his challenged disciplinary convictions and sentences *via* a habeas corpus petition filed under 28 U.S.C. § 2241. *Id.*  Therefore, we will recommend that all of Plaintiff's Due Process claims challenging his disciplinary convictions, including the alleged planting of a prohibited object, be dismissed as they *Heck* barred.  *See McCullon, supra*.

*2.  Count II, First Amendment Violations - False Misconduct Reports*

As stated, Plaintiff alleges that his First Amendment rights were violated when Defendant J. Seana issued a false incident report on May 15, 2010, charging him with violation of Code 205, engaging in a prohibited sexual act.  Plaintiff further avers that his First Amendment rights were again violated when Defendant Swartzfager also filed a false incident report against him on July 18, 2010, charging him with violation of Code 205, engaging in a prohibited sexual act, in retaliation against for his filing of a grievance regarding his May 2010 disciplinary hearing.  We find that these allegations fails to state a constitutional claim and, therefore, should be dismissed.  Plaintiff's exhibits attached to his original Complaint (Doc. 1) as well as his averments contained in his Affidavit (Doc. 8) indicate he was convicted of both Code 205 offenses in May and July of 2010, and that he was sanctioned, in part, to loss of good conduct time.

As the Court stated in *Kimball v. Walters*, 2007 WL 87897, *8, "[m]ere allegations of falsified misconduct reports, without more, are not enough to state a due process claim upon which relief may be granted."  (Citation omitted).  *See also Bailey v. Beard*, 2008 WL 4425588, *10 (M.D.

Pa.)("a prisoner does not have a constitutional right to be free from being falsely or wrongfully accused of conduct.").

In *McCullon,* 2011 WL 139841, *7, the Court stated:

> Provided that a prisoner is afforded these due process protections during the disciplinary hearing process, it is well-settled that a claim that a misconduct report was false, standing alone, does not state a valid *Bivens* cause of action. As the United States Court of Appeals for the Third Circuit has aptly observed: "[F]iling false disciplinary charges does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided. *See e.g., Freeman v. Rideout,* 808 F.2d 949, 952–53 (2d Cir.1986) (the filing of false charges does not constitute a claim ... so long as the inmate was granted a hearing and an opportunity to rebut the charges); *Hanrahan v. Lane,* 747 F.2d 1137, 1140 (7th Cir.1984)." *Richardson v. Sherrer,* 344 F. App'x 755, 757–758 (3d Cir.2007). *See also Booth v. Pence,* 141 F. App'x 66 (3d Cir.2005); *Smith v. Mensinger,* 293 F.3d 641, 653–54 (3d Cir.2002).
>
> These principles also directly apply to inmate retaliation claims stemming from prison disciplinary proceedings. A prisoner claiming that prison officials have retaliated against him for exercising his constitutional rights must prove the following three elements: (1) the conduct in which he engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial motivating factor in the defendants' conduct. *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir.2002). With respect to the obligation to demonstrate that he suffered an adverse action, a plaintiff must demonstrate that he suffered action that "was sufficient to deter a person of ordinary firmness from exercising his rights." *Allah v. Seiverling,* 229 F.3d 220, 225 (3d Cir.2000). While filing false misconduct reports may constitute the type of action that will, in certain cases, support a retaliation claim, *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir.2003), in a prison discipline context, an inmate's retaliation claim fails whenever the defendant shows that there is "some evidence" to support the discipline citation. As the United States Court of Appeals for the Third Circuit has observed: "[an inmate's] retaliatory discipline claim fails [when] there is 'some evidence' supporting the guilty findings .... *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994) (stating that a finding of 'some evidence' to support a prison disciplinary determination 'checkmates' the prisoner's retaliation claim)." *Nifas v. Beard,* 374 F. App'x 241, 244 (3d Cir.2010).

17

As mentioned, Plaintiff states that Defendants Seana and Swartzfager both issued false misconduct reports against him charging him with a violations of Code 205, engaging in a prohibited sexual act. Plaintiff indicates that he was convicted of both charges following a disciplinary hearing by Defendant Renda and that he received sanctions, including loss of good conduct time.

Insofar as Plaintiff is challenging his convictions on the misconduct reports, since they lengthened his prison confinement, he must file a § 2241 habeas corpus petition regarding his due process challenges to both convictions. The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973); *Queen v. Miner*, C.A. No. 08-1049 (3d Cir. 2-29-08), slip op. p. 3, n. 3 (Per Curiam) ("challenge that affects fact or duration of confinement must be brought in habeas petition") (citing *Preiser, supra*.). Thus, any claim of Plaintiff that is challenging the fact or length of his confinement must be brought in a § 2241 habeas petition.[14]

---

[14]The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated: whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or § 1331] is appropriate. (Emphasis added).

Further, any claims by Plaintiff for money damages which call into question the validity of his disciplinary convictions regarding the misconduct reports Defendants issued against him and for money damages for the time he spent in SHU and the for the loss of good conduct time as a result of his disciplinary convictions are *Heck*-barred.  *See Sandy v. Lehigh Co. Dist. Attorney*, 2008 WL 910001, *1-*2 (E.D. Pa.); *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785 (M.D. Pa.); *Washam v. Stesis*, 321 Fed. Appx. 104, 105 (3d Cir. 2009); *McCullon,* 2011 WL 139841, *8-*9.

Thus, insofar as Plaintiff is raising a *Bivens* claims for false reports and retaliation, violations of his First Amendment rights, with respect to the two disciplinary code violations charged against him by Defendants Seana and Swartsfager, we find that they are subject to dismissal, since they are *Heck*-barred.  *See McCullon,* 2011 WL 139841, *8-*9.

In *Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated:

> In *Hartman v. Moore,* 547 U.S. 250, 258, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006), the Supreme Court held that, in a case in which the plaintiff is alleging a claim of First Amendment retaliation in the form of an arrest and prosecution, the plaintiff must also plead and prove the absence of probable cause supporting the prosecution. Plaintiff has neither pled nor proven the absence of probable cause. This alone is sufficient to defeat Taylor's claim; however, his claim is fatal for a more significant reason: It is barred by his agreement to perform community service in exchange for expungement of his arrest.
>
> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges. In *Heck,* the Supreme Court stated:
>
> > [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed

> on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus.... A claim
> for damages bearing relationship to a conviction or sentence that has
> not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87, 114 S.Ct. 2364 (emphasis in original). The final termination
rule announced in Heck also bars those § 1983 claims that have the effect of impugning the
underlying criminal conviction. *See Marable v. Pottsgrove Twp.,* 176 Fed.Appx. 275, 281
(3d Cir.2006).

*See also Turosik v. Hougue*, 2011 WL 1044648, *10 (W.D. Pa. 3-18-11).

Plaintiff Schreane is asserting  the false incident reports and retaliation claims with respect

to his disciplinary convictions on both of the Code 205 violations.  As the Supreme Court and Court

of Appeals for the Third Circuit have held, this sort of attack is impermissible under *Heck*.  *Id*.

(citations omitted).

Therefore, we shall recommend that Plaintiff's First Amendment claims against Defendants

Seana and Swartzfager be dismissed as these claims as barred by *Heck*.  *See McCullon,* 2011 WL

139841, *8-*9.

*3.  Count III,  First Amendment Violation - Lost Prayer Oils*

We find no First Amendment freedom of religion claim is stated by Plaintiff in regards to his

lost property while he was confined in the SHU and, we shall recommend that this claim against

Defendant Correctional Officer Donohue be dismissed.  As stated, Plaintiff avers that his First

Amendment freedom of religion rights were violated by Defendant Donohue when his religious oils

were lost, misplaced or stolen during his confinement in the SHU.  On July 18, 2010, Plaintiff was

escorted from his dormitory to the SHU as a result of a misconduct report (*i.e.* the second Code 205

charge) issued against him by Defendant Swartzfager.  During this time, Plaintiff alleges that

Defendant Donahue negligently failed to lock up his personal property, pursuant to prison policy. As a result, Plaintiff alleges that eight (8) bottles of his religious prayer oils were taken or misplaced from his personal property.  Plaintiff contends that his requests to be reimbursed for the oils were not answered creating a burden on him to freely practice his religion.

In *Branch v. Russian*,  2005 WL 1137879, * 7 (M.D. Pa.), this Court stated:

> Individuals have a constitutionally protected right to follow the religious teachings and practices of their choice.  *Employment Div. v. Smith*, 494 U.S. 872, 881-83, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). This right may be limited by law of general applicability, restricting both religious and non-religious conduct, but reasonable accommodations for religious observance may be required in certain circumstances.  *Id.; see also Wisconsin v. Yoder*, 406 U.S. 205, 214-15, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).  Particularly in the prison context, where inmates are precluded from engaging in a variety of otherwise permissible activities, officials may be required to provide exemptions from restrictions that place a "substantial burden" on an inmate's adherence to "sincerely held religious beliefs," unless the officials offer compelling reasons for refusing such accommodation.  *See* 42 U.S.C. § 2000cc-1(a); *see also Smith*, 494 U.S. at 884; *Turner*, 482 U.S. at 89-91.

In *Hennis v. Tedrow*, 2011 WL 1230337, *10 (W.D. Pa. 3-31-11), the Court stated:

> "The mere assertion of a religious belief does not automatically trigger First Amendment protections, however. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." *DeHart v. Horn,* 227 F.3d 47, 51 (3d Cir.2000); *see also Sutton v. Rasheed,* 323 F.3d 236, 250–51 (3d Cir.2003).
>
> Once a sincerely held religious belief has been demonstrated, an inmate may show that a prison regulation or practice violates the right to free exercise of religion by showing that it does not pass the "reasonableness test" set forth in *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and *O'Lone,* 482 U.S. at 349. This test examines the following four factors: (1) whether the regulation or practice in question furthers a legitimate governmental interest unrelated to the suppression of

21

expression; (2) whether there are alternative means of exercising First Amendment rights that remain open to prison inmates; (3) whether the right can be exercised only at the cost of less liberty and safety for guards and other prisoners; and (4) whether an alternative exists which would fully accommodate the prisoners' rights at *de minimis* cost to valid penological interests. *Thornburgh v. Abbott,* 490 U.S. 401, 415–18, 109 S.Ct. 1874, 104 L.Ed.2d 459; *Turner,* 482 U.S. at 89–91. These standards indicate that "when a prison regulation or practice encroaches upon prisoners' rights to free exercise of their religion, the regulation is valid if it is reasonably related to a legitimate penological interest." *Ramzidden v. Monmouth County Sheriff Dept.,* No. 09–4829, 2010 WL 1752540, at *11 (D.N.J. Apr.30, 2010). However, prison administrators need not choose the least restrictive means possible in trying to further penological interests, *Thornburgh,* 490 U.S. at 411, and it is the burden of the plaintiff to disprove the validity of a prison regulation or practice. *Williams v. Morton,* 343 F.3d 212, 217 (2003) (citing *Overton v. Bazzetta,* 539 U.S. 126, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003)).

In the present case, Plaintiff's eight (8) bottles of prayer oil are alleged to have been negligently lost by Defendant Donahue when he packed up Plaintiff's belongings after Plaintiff was ordered to confinement in the SHU as a result of the July 2010 incident report issued against him. Plaintiff does not allege that the prison had a regulation or practice to confiscate his prayer oil. Lost property claims by inmates can dealt with in the manner that is outlined through the Bureau of Prison internal procedures.[15]   Simply because the oil was religious in nature and subsequently misplaced or stolen does not create a significant hardship or an impediment to the Plaintiff's free exercise of his religious beliefs.  Regardless of the allegation of negligence on the part of Defendant

---

[15]The BOP has a well established a three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. *See* 28 C.F.R. §§ 542.10-542.19. It has been recognized that a prison's internal grievance system constitutes a meaningful post-deprivation remedy regarding an inmate's loss of property claim. *See Howard v. Bureau of Prisons,* 2008 WL 318387 *17 (M.D.Pa. Feb.4, 2008); *Durham v. Dep't. of Corrections,* 173 Fed. Appx. 154, 157 (3d Cir.2006).

Donahue by the Plaintiff, the misplacement or theft of religious oils does not amount to a violation of Plaintiff's First Amendment freedom of religion rights.  Plaintiff is still free to carry on his religious exercise.  Therefore, we shall recommend that the Plaintiff's First Amendment freedom of religion claim against Defendant Donohue be dismissed.

## VII. **Recommendation**.

Based on the foregoing, it is respectfully recommended that Plaintiff's claims for a specific amount of monetary damages against Defendants be stricken.  It is recommended that Plaintiff's claims for damages against the seven (7) individual federal Defendants in their official capacities be dismissed.  It is further recommended that Plaintiff's claims of Fifth Amendment Due Process violations against Defendants Warden Holt, C/O J. Seana, C/O K. Swartzfager, Lt. Edward, DHO Renda, and C/O J. Alonga be dismissed as *Heck* barred.  It is also recommended that Plaintiff's First Amendment claim against Defendant C/O Donahue be dismissed, and that Plaintiff's First Amendment claims against Defendants Seana and Swartzfager be dismissed.

Thus, it is recommended that Plaintiff's Amended Complaint **(Doc. 4)** be dismissed in its entirety as against all seven (7) Defendants.

Further, it is recommended that since Plaintiff has already filed an Amended Complaint, he not be granted leave to filed a second Amended Complaint based on futility.[16]

---

[16]Pursuant to our above discussion, we find futility of any further amendment of Plaintiff's claims against all seven Defendants, and we shall not recommend Plaintiff be granted leave to file a second amended pleading with respect to his claims.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.).

Finally, it is recommend that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 5**) be granted solely for the purpose of filing this action.


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 13, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. 3:CV-11-0613 |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| RONNIE HOLT, WARDEN, et al, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 13, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations
> or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or
> making a recommendation for the disposition of a prisoner case or a habeas
> corpus petition within fourteen (14) days after being served with a copy thereof.
> Such party shall file with the clerk of court, and serve on the magistrate judge
> and all parties, written objections which shall specifically identify the portions
> of the proposed findings, recommendations or report to which objection is
> made and the basis for such objections.  The briefing requirements set forth in
> Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination
> of those portions of the report or specified proposed findings or recommendations
> to which objection is made and may accept, reject, or modify, in whole or in
> part, the findings or recommendations made by the magistrate judge.  The
> judge, however, need conduct a new hearing only in his or her discretion or
> where required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on

the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                        s/ Thomas M. Blewitt
                              _____
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: June 13, 2011**