# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE D. SCHREANE, | CIVIL ACTION NO. 3:11-CV-0613 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| | (MAGISTRATE JUDGE BLEWITT) |
| RONNIE HOLT, WARDEN, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Doc. 20) to dismiss Plaintiff's case without prejudice for failure to prosecute this action. Also before the Court are Plaintiff's Motions to Appoint Counsel. (Doc. 13; Doc. 22.) On December 20, 2011, Magistrate Judge Blewitt issued a R & R recommending dismissal of Plaintiff's case without prejudice for failure to prosecute. Objections to the R & R were to be filed on or before January 6, 2011. No objections were filed by Plaintiff. Instead, on January 5, 2011, Plaintiff filed an Amended Complaint. Because Plaintiff has not abandoned his case, the Magistrate Judge's recommendation to dismiss this case without prejudice will be rejected. However, because Plaintiff's claim has not yet been determined to satisfy the pleading requirements of the Federal Rules of Civil Procedure, Plaintiff's Motions to Appoint Counsel (Doc. 13; Doc. 22) will be denied.

## **I. Background**

As set forth in the Magistrate Judge's R & R, Plaintiff Clarence Schreane, a prisoner proceeding *pro se*, filed this civil rights action on April 1, 2011. (Doc. 20.) After Magistrate Judge Blewitt initially screened the Complaint pursuant to the Prison Litigation Reform Act,

the Court entered an Order, on November 15, 2011, granting Plaintiff twenty-one (21) days to file an amended complaint.  (Doc. 18.)  Plaintiff was informed that failure to file an amended complaint would result in the dismissal of his case. (Doc. 18.)  Once the time expired for Plaintiff to file an amended complaint, Magistrate Judge Blewitt, *sua sponte*, gave Plaintiff an additional fourteen (14) days to file an amended complaint.  On December 20, 2011, when Plaintiff had yet to file an amended complaint or request an extension of time to file an amended complaint, Magistrate Judge Blewitt issued the R & R recommending dismissal of Plaintiff's case without prejudice. (Doc. 20.)

Magistrate Judge Blewitt recommends dismissal of Plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), which permits the dismissal of an action for failure of a plaintiff to prosecute or for failure to comply with an order of court. *See* Fed. R. Civ. P. 41(b).  Magistrate Judge Blewitt determined that Plaintiff's failure to file an amended complaint constituted a willful failure to prosecute his action. (Doc. 20.)  Additionally, Magistrate Judge Blewitt recommends dismissal of Plaintiff's case pursuant to the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984).

Although Plaintiff failed to file timely objections within fourteen (14) days to the Magistrate Judge's R & R, Plaintiff during this time period filed an Amended Complaint. (Doc. 21.)  The introduction to Plaintiff's Amended Complaint indicates that Plaintiff perceived the Magistrate Judge's R & R as requiring the filing of an amended complaint in order to avoid dismissal of his case. (Doc. 21.) On the same day Plaintiff filed the Amended Complaint, Plaintiff also filed a Motion for the Appointment of Counsel. (Doc. 22.)  Both the Magistrate Judge's R & R and Plaintiff's Motion for the Appointment of Counsel are ripe for disposition.

## II. Discussion

**A. Legal Standard in Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F.Supp. 736, 738 (M.D.Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D.Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D.Pa.1998).

**B. Dismissal for Failure to Prosecute**

As set forth in Magistrate Judge Blewitt's R & R, an action may be dismissed when "the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." Fed. R. Civ. P. 41(b).  When determining whether to dismiss an action for a plaintiff's failure to

prosecute under Rule 41(b), the district court must balance the six (6) factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.[1]  Dismissal of the action in this case, however, must take into consideration Plaintiff's status as a *pro se* litigant.  In particular, *pro se* filings "are to be construed liberally." *Shipman v. Gelso*, No. 3:11-CV-1162, 2012 WL 5554252, at *3 (M.D. Pa. Nov. 15, 2011); *Richardson v. Deutsche Bank Trust. Co.*, No. 3:08-CV-1857, 2008 WL 5225824, at *3 (M.D. Pa. Dec. 12, 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. E. 2d. 652 (1972)).

Here, an analysis of the *Poulis* factors indicates that Plaintiff's case should not be dismissed at this time.  As noted by Magistrate Judge Blewitt, Plaintiff does not have a history of dilatoriness in this action. (Doc. 20.)  Moreover, Plaintiff filed an Amended Complaint within the time period he had to file objections to the Magistrate Judge's R & R.  Thus, Plaintiff does not appear to be acting willfully or in bad faith.  And, as the Court must construe Plaintiff's *pro se* filings liberally, Plaintiff's Amended Complaint indicates that he objects to the dismissal of his case for failure to prosecute.  Accordingly, the Court will reject the Magistrate Judge's recommendation to dismiss this action without prejudice.  Instead,

---

[1] Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992); *C. T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir.1988).

the matter will be recommitted to Magistrate Judge Blewitt for further proceedings, including screening Plaintiff's Amended Complaint filed on January 5, 2012. (Doc. 21.)

**C.     Motion to Appoint Counsel**

Plaintiff also requests the Court to appoint counsel in this case. However, prisoners have no constitutional or statutory right to the appointment of counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir.1997). Such appointment is discretionary with the court. *See* 28 U.S.C. § 1915(e)(1). "As a preliminary matter, the plaintiff's claim must have some merit in fact and law." *Parham*, 126 F.3d at 457 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.1993)). Once the court determines the claim has merit, it should consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issue;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id*. at 457 (citing *Tabron*, 6 F.3d at 155–56, 157 n. 5).

In moving for the appointment of counsel, Plaintiff argues that he satisfies the *Tabron* factors. (Doc. 22.) The appointment of counsel at this point is not warranted, however, because Plaintiff's claim has not yet been determined to satisfy the pleading requirements

of the Federal Rules of Civil Procedure.  As such, it has not yet been determined that Plaintiff's claim has merits in fact or law.  Thus, the motion will be denied without prejudice. Should the need for counsel be demonstrated later, the issue can be reconsidered either *sua sponte* or upon a motion properly filed.[2]

### III. Conclusion

For the reasons stated above, the Magistrate Judge's R & R (Doc. 20) will be rejected and Plaintiff's Motions to Appoint Counsel will be denied (Doc 13; Doc. 22.)

An appropriate order follows.


 March 21, 2012                                                    /s/ A. Richard Caputo
Date                                                                     A. Richard Caputo
                                                                            United States District Judge

---

[2]    Plaintiff's Motion to Appoint Counsel (Doc. 13) filed on August 12, 2011 will be denied for the same reasons.