**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CLARENCE D. SCHREANE,

    Plaintiff,

    v.

J. SEANA, K. SWARTSFAGER, LT.
EDWARD, MR. RENDA, J. ALONGA,
DONAHUE and RONNIE HOLT,
*individually and in their official capacities*,

    Defendants.

CIVIL ACTION NO. 3:11-CV-0613

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## **MEMORANDUM**

Presently before the Court are Magistrate Judge Blewitt's Report and Recommendation and Plaintiff Clarence Schreane's objections. Magistrate Judge Blewitt recommended that Mr. Schreane's second amended complaint be dismissed with prejudice. Because Mr. Schreane fails to state a claim upon which relief may be granted, and further amendment of his complaint would be futile, the Report and Recommendation will be adopted. Mr. Schreane's complaint will be dismissed with prejudice.

### **I. Background**

**A. Factual Background**

The facts as alleged in Mr. Schreane's second amended complaint are as follows:

Mr. Schreane was written up for a violation of Bureau of Prisons Code 205, engaging in a sexual act. Mr. Schreane requested the surveillance videotape of the alleged incident in order to defend himself. As retaliation for his request, Defendant Officer Swartzfager made false allegations against him and wrote up a false incident report charging him with a second Code 205 violation. Defendant Lieutenant Edward refused to allow Mr. Schreane to view the surveillance videotapes, failed to advise him regarding his due process rights, and failed to review the videotape himself. Defendant Officer Renda denied Mr. Schreane's

requests to call witnesses or play the surveillance videotape at his disciplinary hearing. His requests for a polygraph test and fingerprint analysis were also denied. Officer Renda found him guilty of the chargers without any supporting evidence other than the correctional officers' misconduct reports. Defendant Warden Holt reviewed the disciplinary report, but failed to review the surveillance videotape.

Mr. Schreane was also charged with possession of an illegal object inside an ink pen. Defendant Officer Alonga planted the item inside Mr. Schreane's pen to set him up for the charge. Again, Mr. Schreane asked to view the videotape surveillance in order to defend himself, but his request was denied. As a result, he was kept in the Special Handling Unit and lost good time credits.

Mr. Schreane also had several bottles of prayer oils taken from him as a result of the property officer, Defendant Officer Donahue, negligently failing to secure the oils. Mr. Schreane wrote Warden Holt about the incident, requesting that the oils be returned and that the Warden review the surveillance tapes. Warden Holt stated that he would not review the surveillance tapes and would sustain whatever decision was made by the Disciplinary Hearing Officer.

**B. Procedural Background**

Mr. Schreane filed this action on April 1, 2011. He filed an amended complaint on April 25, 2011. On June 13, 2011, Magistrate Judge Blewitt recommended the dismissal of all Mr. Schreane's claims. I adopted the Report and Recommendation in part and rejected it in part, dismissing all Mr. Schreane's claims with prejudice except his Equal Protection Claim, which I dismissed without prejudice. I gave Mr. Schreane twenty-one days to file a second amended complaint stating with specificity a proper claim under the Equal Protection Clause.

Mr. Schreane did not file his second amended complaint in time, so on December 20, 2011, Magistrate Judge Blewitt recommended dismissal of the case for failure to

prosecute. Mr. Schreane eventually filed his second amended complaint on January 5, 2012. Based on Mr. Schreane's filing, I rejected Magistrate Judge Blewitt's Report and Recommendation.

Magistrate Judge Blewitt reviewed Mr. Schreane's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides that for proceedings in forma pauperis:

> [T]he court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

On April 13, 2012, Magistrate Judge Blewitt filed the instant Report and Recommendation to dismiss Mr. Schreane's second amended complaint with prejudice. Mr. Schreane filed his objections on April 25, 2012. Thus, the Report and Recommendation is ripe for disposition.

## II. Legal Standard

**A.     Objections to the Magistrate Judge's Report**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the

report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the

complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). Although the standards of pleading are more liberal for *pro se* litigants like Mr. Schreane, "*pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Ireland v. McDaniel*, No. 10-387, 2011 WL 860390, at *2 (W.D. Pa. Jan. 27, 2011) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996)).

### III. Analysis

Mr. Schreane's second amended complaint again presents claims under the Due Process Clause, First Amendment, and Eighth Amendment. However, in my November 15, 2011 order, I granted Mr. Schreane leave to amend only his Equal Protection Clause claim, determining that amendment of the other claims would be futile. *See Schreane v. Seana*, No. 3:11-CV-613, slip op. at 12 (E.D. Pa. Nov. 15, 2011). As these claims were dismissed with prejudice, they will not be considered here.

Turning to Mr. Schreane's Equal Protection Clause claim, Magistrate Judge Blewitt's recommendation that the claim be dismissed with prejudice will be adopted. As noted in the November 15 order, "[t]o prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated." *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003). The November 15 order clearly stated that Mr. Schreane could not properly state a claim under the Clause unless he alleged "differential treatment between himself and other similarly situated inmates." *Schreane*, slip

op. at 11. But Mr. Schreane's second amended complaint largely reiterates the allegations in his prior complaints, and he fails to identify any similarly situated inmates who were treated differently. Because Mr. Schreane has not stated a claim for which relief may be granted, his second amended complaint must be dismissed. Mr. Schreane has already amended his complaint twice, and each time he failed to properly state a claim. Thus, the complaint will be dismissed with prejudice, as further amendment would be futile. *See Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (holding that a district court may deny leave to amend where it would be futile).

### IV. Conclusion

For the reasons stated above, Magistrate Judge Blewitt's Report and Recommendation will be adopted. An appropriate order follows.


 May 30, 2012                             /s/ A. Richard Caputo
 Date                                     A. Richard Caputo
                                          United States District Judge