**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE D. SCHREANE, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-0613 |
| v. | (JUDGE CAPUTO) |
| J. SEANA, K. SWARTSFAGER, LT. EDWARD, MR. RENDA, J. ALONGA, DONAHUE and RONNIE HOLT, individually and in their official capacities, | (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Plaintiff's Motion for Reconsideration of my May 30, 2012 Order adopting Magistrate Judge Blewitt's Report and Recommendation ("R & R") and dismissing Plaintiff's Second Amended Complaint with prejudice. (Doc. 35.)  Because Mr. Schreane fails to set forth an intervening change in controlling law, the availability of new evidence that was not previously available, or the need to correct a manifest error of law or fact, Mr. Schreane's motion will be denied.

**I. Discussion**

As set forth in my May 30, 2012 Memorandum (Doc. 33), Plaintiff, on November 15, 2011, was granted leave to amend only his Equal Protection Clause claim against Defendants, as I determined that amendment of the other claims would be futile. *See Schreane v. Seana*, No. 3:11-CV-613, slip op. at 12 (E.D. Pa. Nov. 15, 2011).  Mr. Schreane's Second Amended Complaint, however, again failed to state an Equal Protection claim because he did not identify any similarly situated inmates who were treated differently. And, because Mr. Schreane had not stated a claim for which relief could be granted, and his complaint had already been amended twice, I dismissed the action with prejudice.

Now, Mr. Schreane seeks reconsideration of my May 30, 2012 Order. A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

Here, Mr. Schreane has not argued that an intervening change in controlling law has occurred warranting reconsideration. Nor has Mr. Schreane set forth new evidence that was not available when I adopted Magistrate Judge Blewitt's Report and Recommendation. And, Mr. Schreane has not established that I committed a clear error of law or fact in dismissing his Second Amended Complaint with prejudice because he failed to identify any similarly situated individuals who were treated differently. Thus, Mr. Schreane failed to

allege a viable Equal Protection claim.  As such, reconsideration of my May 30, 2012 Order dismissing this action with prejudice is not warranted.

## II. Conclusion

For the above stated reasons, Plaintiff's Motion for Reconsideration (Doc. 35) is denied.

An appropriate order follows.

| | |
|---|---|
| July 23, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |